MANDATORY FORM PLAN (10/23/2007) Revised 4/17/2008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: Charles Patrick Marcum<br>Melonie Elizabeth Marcum | : | Case No.  10-50234 |
| | : | Chapter 13 |
| | : | Judge  John E. Hoffman, Jr. |
| Debtor(s). | | |

# CHAPTER 13 PLAN FILED UNDER BAPCPA

**NOTE**: The term "Debtor" as used throughout this Plan shall reference either a single debtor or joint debtors.

☐ Original Plan
☒ Amended Plan; Date Amended: _June 18, 2010_

All pre-confirmation amendments to an original Mandatory Form Plan shall be accomplished by filing a complete Mandatory Form Plan with the changes highlighted or reflected in bold or italic typeface.

☒ Above Median Income   Solvent Estate: ☐ Yes    Dividend to unsecured creditors: _100.00_ %
☐ Below Median Income                   ☒ No

Debtor Claims to be Eligible for Discharge:    Joint Debtor Claims to be Eligible for Discharge:
  ☒ Yes   ☐ No                                   ☒ Yes   ☐ No

Debtor
   (1) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on _January 11, 2010_
   **OR**
   (2) converted this case to a case under Chapter 13 on _____  ("Petition Date").

A.   **PAYMENTS**

   **A(1).   Plan Payments.**

The future earnings of Debtor are submitted to the supervision and control of the Trustee. Debtor shall pay the Trustee the sum of $ _960.00 for two month; then 875.00 per month for 22 months, then $950 per month until completed_ per month (enter all step-payments), for a period not to exceed sixty months. Debtor shall commence payments within thirty days of the Petition Date, and distributions shall begin upon confirmation pursuant to § 1326(a). The effective date of the Plan shall be the date of entry of an order confirming the Plan.

**MANDATORY FORM PLAN (10/23/2007) Revised 4/17/2008**

From the payments so received, the Trustee shall make disbursements, subject to the Trustee's fee. The disbursement schedule is dependent upon receipt of regular monthly Plan payments. Any increases to monthly mortgage or escrow payments without corresponding changes to the Plan payment may impact the disbursement schedule. The Trustee is authorized within his discretion to calculate the amount and timing of distributions as is administratively efficient.

### A(2).   Pre-Confirmation Adequate Protection Payments/Lease Payments.

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee, subject to his full fees, to the creditors listed below. Except as provided by § 501(c), secured creditors must file a proof of claim to receive payment. Unless otherwise ordered by the Court, payments will be reserved by the Trustee until confirmation and distributed to these creditors after confirmation. If the case is dismissed or converted prior to confirmation, the Trustee will distribute the reserved payments, pro rata, to the creditors listed below.

| Creditor | Lease/PMSI | Property Description | Monthly Adequate Protection Payment |
|---|---|---|---|
| American Honda Finance | PMSI | 2006 Honda 500 | $50.00 |
| First Knox National Bank | PMSI | 1997 Dodge Ram | $200.00 |
| Best Buy | PMSI | Computer and Tv | $50.00 |

### A(3).   Administrative Expenses, Attorney Fees, and Priority Payments.

Administrative expenses, attorney fees, and priority payments as required by § 1326(b) shall be paid concurrently with Class 2 claims. The total attorney fee for services as set forth in LBR 2016-1(b)(2)(A) is $ 3,000.00 . Debtor's attorney received $ 1,025.00 prior to the Petition Date. The Trustee shall disburse a minimum monthly amount of $ 150.00 to Debtor's attorney until the balance of $ 1,975.00 is paid in full. Fees for independent appraisals of real estate will be paid as administrative expenses pursuant to § 503 upon the timely filing of a proof of claim.

### B.   CLASS 1—CLAIMS SECURED BY REAL PROPERTY

Except as set forth in section B(3), all secured creditors secured only by a security interest in real property shall retain their liens until the later of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law.

### B(1).   Mortgage Payments Outside Plan.

Regular monthly payments on the following mortgage claims will be paid directly by Debtor, if direct payments are permitted by LBR 3015-1(d)(1):

| Creditor | Property Address |
|---|---|

**MANDATORY FORM PLAN (10/23/2007) Revised 4/17/2008**

|   | Huntington National Bank | 520 South Walnut Street<br>Marysville, Ohio  43040 |   |
|---|---|---|---|

**MANDATORY FORM PLAN (10/23/2007) Revised 4/17/2008**

**B(2).  Conduit Mortgage Payments.**

Regular mortgage payments on the following mortgage claims will be paid on a conduit basis by the Trustee, subject to his full fees, beginning with the first calendar month after the Petition Date, if conduit payments are required by LBR 3015-1(d)(1) or proposed by Debtor. The holder of a mortgage claim paid by conduit mortgage payments shall provide the Trustee with written notice of, or shall file an amended proof of claim for, any changes in the monthly mortgage or escrow payments during the term of the Plan. The mortgage claim holder shall also serve a copy of the written notice or amended proof of claim on Debtor and Debtor's attorney. Upon receipt by the Trustee of such written notice, or upon the filing of an amended proof of claim, the Plan shall be deemed modified to permit the Trustee to disburse the amended conduit mortgage payment amount.

| **Creditor** | **Property Address** | **Monthly Conduit Mortgage Payment** |
|---|---|---|
|  |  |  |

**B(3).  Liens and/or Mortgages to be Paid as Unsecured Claims.**

The following claims secured by a lien and/or mortgage will be paid as unsecured claims concurrent with Class 5 general unsecured claims. Debtor shall file a separate motion or adversary proceeding to determine: (i) whether the property listed below vests free and clear of the lien(s) and/or mortgage(s) pursuant to § 1327 or (ii) whether the lien(s) and/or mortgage(s) listed below may be avoided pursuant to other applicable provisions of the Bankruptcy Code. Notwithstanding § 1327(a), confirmation of the Plan shall not be dispositive of: (i) the valuation of the collateral or (ii) the secured status of the claims. Debtor has standing and authority to file the motion or adversary proceeding; to the extent that the Trustee has standing to bring such action, standing is hereby assigned to Debtor.

| **Creditor** | **Property Address** | **Motion or Adversary Proceeding to be Filed no Later Than:** |
|---|---|---|
|  |  |  |

**NOTE**: If at any time after confirmation sufficient funds are not available to make a full monthly payment on all Class 1 claims, at the Trustee's discretion, the available funds will be distributed pro rata on Class 1 claims. Any post-petition mortgage arrearages will be paid prior to payment of Class 2 claims.

**B(4).  Property to be Surrendered.**

Debtor will surrender the following real property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim:

| **Creditor** | **Property Address** | **Estimated Deficiency Amount** |
|---|---|---|
|  |  |  |

MANDATORY FORM PLAN (10/23/2007) Revised 4/17/2008

**C.  CLASS 2—CLAIMS SECURED BY PERSONAL PROPERTY; UNEXPIRED LEASES**

**C(1).  Lien Retention and Interest.**

All secured creditors secured only by a security interest in personal property shall retain their liens until the earlier of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law. Unless otherwise stipulated or provided for below, secured creditors shall be paid interest at the rate of      6.00      %.

**C(2).  Claims to Which § 506 Does Not Apply.**

(a) Debtor shall pay the following claims in full:

| Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
| First Knox Natinal Bank | 1997 Dodge Ram | 10/2009 | $8,000.00 | 6.00% | $200.00 |

(b) The collateral described below shall be surrendered to the secured creditor in full satisfaction of its claim:

| Secured Creditor | Property Description |
|---|---|
|  |  |

**C(3).  Claims to Which § 506 Applies.**

(a) Claims listed in this subsection consist of any claims secured by personal property not described above. To the extent a secured creditor's claim is in excess of the collateral value, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the personal property shall be valued for purposes of § 506 at the lower of the creditor's valuation set forth on its proof of claim or the valuation set forth by Debtor in Schedule B.

| Creditor | Property Description | Purchase Date | Scheduled Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
| American Honda Fin | 2006 Honda 500 | 3/2007 | $2,500.00 | 6.00% | $50.00 |
| Best Buy | Computer and Tv | 8/2009 | $1,500.00 | 6.00% | $50.00 |

(b) Debtor will surrender the following property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description | Estimated Deficiency Amount |
|---|---|---|
| HSBC Retail Services | 2002 Triumph Daytona | $4,674.79 |

**MANDATORY FORM PLAN (10/23/2007) Revised 4/17/2008**

| | | |
|---|---|---:|
| Western Credit Union | 2007 Nissan 350z | $13,000.00 |
| America Honda Finance | 2006 Honda 500 | $4,036.00 |
| America Honda | 2008 Honda 700 | $1,628.49 |

**MANDATORY FORM PLAN (10/23/2007) Revised 4/17/2008**

**C(4). Executory Contracts and Vehicle Leases.**

(a) Debtor rejects the following executory contract(s) and/or vehicle lease(s) and any resulting claim shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
|  |  |

(b) Debtor assumes the executory contract(s) and/or vehicle lease(s) listed below. Lease payments may only be paid by Debtor if direct payments are permitted by LBR 3015-1(c)(2). Lease payments will be paid by the Trustee if required by LBR 3015-1(c)(2) or proposed by Debtor.

| Creditor | Property Description | Monthly Payment | To be Paid Directly by Debtor | To be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**NOTE**: If at any time after confirmation sufficient funds are not available to make a full monthly payment on all Class 2 claims, at the Trustee's discretion, the available funds will be paid pro rata on Class 2 claims and administrative expense claims.

**D. CLASS 3—PRIORITY CLAIMS AND DOMESTIC SUPPORT OBLIGATIONS**

**D(1). Priority Claims.**

Class 3 claims will be paid pro rata and concurrently with Class 4 claims. All allowed claims entitled to priority under § 507(a) shall be paid in full unless: (i) otherwise provided for in § 1322(a), or (ii) the holder of a particular claim agrees to a different treatment of its claim. Any and all pre-petition penalties, and post-petition penalties and interest, that have accrued or will accrue on any such claims shall be treated as Class 5 general unsecured claims and shall not be entitled to priority.

**D(2). Domestic Support Obligations.**

(a) The following claims are domestic support obligations (DSOs) as defined in § 101(14A). Debtor shall pay all post-petition DSOs directly to the holder of the claim and not through the Trustee. Upon completion of the Plan, Debtor shall certify to the Court that all payments on post-petition DSOs have been made. Pre-petition arrearages on DSOs shall be paid as follows:

| Creditor | Name & Address of State CSEA | Estimated Arrearage Amount | To be Paid Directly by Debtor | To be Paid by Trustee |
|---|---|---|---|---|
|  |  |  | ☐ | ☐ |

MANDATORY FORM PLAN (10/23/2007) Revised 4/17/2008

    (b)   Name of governmental unit to which a DSO has been assigned, or is owed, or is recoverable by, and the estimated amount of the DSO:

| Creditor | Governmental Unit | Estimated DSO Amount | To be Paid Directly by Debtor | To be Paid by Trustee |
|---|---|---|---|---|
| LaQuinthia Marcum | None | $300.00 | ☒ | ☐ |

E.    **CLASS 4—SECURED CLAIMS NOT OTHERWISE DESIGNATED**

   **E(1). Payment of Class 4 Claims.**

Class 4 claims including pre-petition mortgage arrearages, pre-petition and post-petition lease arrearages, real estate taxes and other secured claims not otherwise designated shall be paid pro rata, concurrently and in full with Class 3 claims.

**NOTE**: No interest shall be paid on any pre-petition mortgage arrearages as part of the cure of the default if the mortgage was entered into after October 22, 1994.

   **E(2). Pre-Petition Arrearages on Real Estate Mortgage(s).**

Debtor shall cure the following pre-petition mortgage arrearages:

| Creditor | Property Address | Estimated Arrearage Amount |
|---|---|---|
|  |  |  |

   **E(3). Arrearages on Assumed Leases and Executory Contracts.**

Debtor shall cure the following arrearages on assumed leases and/or executory contracts:

| Creditor | Property Address/Description | Estimated Arrearage Amount |
|---|---|---|
|  |  |  |

F.    **CLASS 5—GENERAL UNSECURED CLAIMS**

   **F(1). Unsecured Dividend.**

After payment of allowed claims in Classes 1, 2, 3 and 4, allowed general unsecured claims shall be paid a dividend of 100.00 %.

**MANDATORY FORM PLAN (10/23/2007) Revised 4/17/2008**

**F(2).  Solvency.**

If this is a solvent estate, all general unsecured claims shall be paid in full with interest at ___3.00___ %, unless otherwise provided.

**G.  MISCELLANEOUS PROVISIONS**

**G(1).  Co-Debtor Claims.**

Co-debtor claims shall be paid as marked below:

| Creditor | To be Paid by Co-Debtor as a Contingent Debt | To be Paid in Full with Interest at Rate Specified Below | To be Paid Same Dividend as General Unsecured Claims |
|---|---|---|---|
|  |  |  |  |

**G(2).  Sale of Property.**

Debtor proposes to sell the real or personal property described below following Trustee and/or Court approval upon notice as required by LBR 6004-1(c)–(f). Debtor shall commit the net proceeds as follows:

| Property Address/ Description | Date by Which Sale Shall be Completed | Estimated Net Proceeds | Disposition of Net Proceeds |
|---|---|---|---|
|  |  |  |  |

**NOTE**: The sale of any property shall comply with LBR 6004-1(c)–(f).

**G(3).  Tax Returns.**

☒    If marked, all tax returns and tax reports due pre-petition have been filed. If not, please specify:

| Tax Agency | Type of Tax | Tax Period | Date Return will be Filed |
|---|---|---|---|
|  |  |  |  |

### G(4). Vesting.

Mark one:

☒ Confirmation of the Plan vests all property of the estate in Debtor free and clear of any claim or interest of any creditor provided for by the Plan pursuant to § 1327(b) and (c);

or

☐ Property of the estate shall not vest in Debtor upon confirmation but shall remain property of the estate until the case is dismissed, converted, or a discharge is issued, whichever occurs first.

### G(5). Other Events.

If any of the following occurs, Debtor shall fully and timely disclose the event to the Trustee and shall file any appropriate notice, application and/or motion with the Trustee and/or Court:

- Any change in marital status or child/spousal support payments;
- Any change in employment;
- Any change of address; and/or
- Any financial recovery to which Debtor becomes entitled for any reason, including without limitation, any personal injury claim, employment claim, workers' compensation claim, unemployment claim, inheritance, life insurance benefits, lottery proceeds or property settlement.

### G(6). Insurance Information.

As of the Petition Date, Debtor's property is insured as follows:

| Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent and Contact Information |
|---|---|---|---|---|
| 520 South Walnut Marysville, Ohio 43040 | AllState | 9 26 702199 01/28 | Full | Darren Brown 937 644-9118 |
| 2006 Honda 500 | Allstate | 9 26 747588 04/26 | Full | Darren Brown |
| 2008 Honda 700 | Allstate | 9 26 747588 04/26 | Full | Darren Brown |
| 1997 Dodge Ram | Allstate | 9 26 747588 04/26 | Full | Darren Brown |

**MANDATORY FORM PLAN (10/23/2007) Revised 4/17/2008**

### G(7).  Casualty Loss Insurance Proceeds (Substitution of Collateral).

If a motor vehicle is substantially damaged while subject to an unpaid secured claim, Debtor shall have the option, upon the filing of an appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle to: (i) repair the vehicle, (ii) pay off the balance of the secured claim if the secured creditor is a named loss payee on the policy, or (iii) substitute the collateral by purchasing a replacement vehicle. If Debtor purchases a replacement vehicle, the vehicle shall have a value not less than the balance of the unpaid secured claim, the lien of the creditor shall be transferred to the replacement vehicle, and the Trustee will continue to pay the allowed secured claim. Debtor may not purchase a replacement vehicle without Trustee and/or Court approval as required by LBR 4001-3(b)–(d).

MANDATORY FORM PLAN (10/23/2007) Revised 4/17/2008

**G(8). Post-Petition Debt.**

Debtor shall not incur any non-emergency consumer debt in excess of $1,000 without Trustee and/or Court approval. LBR 4001-3(b)–(d).

**H.    SPECIAL PROVISIONS**

The Special Provisions listed below, if any, are restricted to those items applicable to Debtor's particular circumstances.

**NOTE**: Special Provisions shall **NOT** contain a restatement of provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules, nor shall this section contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or the like. *See* General Order No. 7.

| **Special Provisions:** |
|---|
| 1. |

The undersigned hereby certify(ies) that the Plan does not contain any alterations to the text of the Mandatory Form Plan, except as authorized by order of the Court.

| **Debtor** | | **Joint Debtor** |
|---|---|---|
| /s/ Charles Patrick Marcum | | /s/ Melonie Elizabeth Marcum |

Dated:            June 18, 2010                    Dated:            June 18, 2010

| **Case Attorney:** |
|---|
| /s/ Karen E. Hamilton |

Dated:            June 18, 2010